UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUVONDI PENDER,

               Plaintiff,

           - against -

JOHN E. POTTER, Postmaster General of the
U.S.P.O.; Agents, Employees, Jane and John Does,
fictitiously stated, because plaintiff, has no other
information of person in service, or position for the
U.S.P.S., Jointly and Severally, et al.,

               Defendants.
-------------------------------------------------------------X

MEMORANDUM & ORDER

03-CV-1595 (NGG)(LB)

GARAUFIS, District Judge.

    *Pro se* plaintiff Juvondi Pender ("Pender") brings this action alleging that he was discriminated against on the basis of his disability and age when he was not selected for a position as a Motor Vehicle Operator with the United States Postal Service ("USPS"). Pender further alleges that he was retaliated against because of prior Equal Employment Opportunity activity and prior lawsuits against USPS. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, USPS moves for summary judgment on all of Pender's claims. For the reasons set forth below, USPS' motion is GRANTED.

**I.    BACKGROUND**

    Pender became employed by the USPS in or around 1983 as a Motor Vehicle Operator. (USPS Rule 56.1 Statement ¶ 1.) Pender's employment at USPS ended around 1986. (Id. at ¶ 2.) In 2002, Pender applied in writing for the position of Motor Vehicle Operator to the USPS' Long Island regional facility. (Id. at ¶ 3.) USPS regulations require that an applicant for a Motor

1

Vehicle Operator position have a valid driver's license that has not been suspended within three years prior to the submission of an employment application. (Id. ¶ 6.) Pender was rated ineligible for this position because his application disclosed that his driver's license had been suspended within three years of his application for the Motor Vehicle Operator position. (Id. ¶¶ 4, 7.)

On November 22, 2002, Pender filed an EEO Complaint against USPS alleging that he was discriminated against on the basis of his age and disability and was subject to retaliation stemming from EEO complaints he filed when previously employed at USPS. (Id. ¶ 16.) On June 17, 2003, Pender's EEO Complaint was dismissed pursuant to 29 C.F.R. § 1614.107. (Id. ¶ 19.) Pender commenced the instant action on March 26, 2003. The complaint alleges that Pender applied for positions as a "Motor Vehicle Operator, mail handler, cleaner custodian (sic) and mail sorter" from 1985 to 2002 at USPS offices in the Tri-State area. (Compl. ¶ 4.) The complaint further alleges that the defendant discriminated against the plaintiff because of his age and disability when the plaintiff was not selected for a position as a Motor Vehicle Operator. (Id.) At the time the complaint was filed, Pender was 54 years old and alleged to be a disabled veteran. (USPS Rule 56.1 Statement ¶¶ 25-26.) Pender claimed that the defendant retaliated against him for his prior EEOC activity, wrongfully terminated him, and subjected him to a hostile work environment during his previous employment with USPS.

On May 11, 2004, I dismissed Pender's claims of retaliation, hostile work environment, and wrongful termination relating to his employment with USPS in the 1980s. As set forth more fully in my May 11, 2004 Order, Pender had previously raised these claims unsuccessfully before other judges within the Eastern District and was enjoined from filing future claims arising from

his past employment with USPS without leave of court. (Order, 03 CV 1595, May 11, 2004.) Pursuant to this Order, only Pender's failure to hire claim arising from his 2002 EEO Complaint now remains.

## II.     SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "The nonmovant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal quotations and citations omitted); see Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Rather, the opponent can only create a genuine issue of material fact by citing competent, admissible evidence. Glasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F.Supp.2d 569, 574 (S.D.N.Y. 2004) (citing Sarno v. Douglas Elliman-Gibbons & Ives, 183 F.3d 155, 160 (2d Cir. 1999)).

When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. See Anderson, 477 U.S. at 255; Vann v. City of New York, 72 F.3d 1040, 1048-49 (2d Cir. 1995). In

the case of a *pro se* party, the court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of lack of legal training. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). While the right does not "exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by harsh application of technical rules." Id. (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)). However, a *pro se* party's bald assertions, completely unsupported by evidence, are not sufficient to overcome a motion for summary judgment. Lee v. Coughlin, 802 F.Supp. 424, 429 (S.D.N.Y. 1995) (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

## III. DISCUSSION

### A. Pender Fails to Establish a Prima Facie Case for His Age and Disability Discrimination Claims

Pender alleges that he was discriminated against on the basis of his age, which this court will construe as an alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (the "ADEA"). "The ADEA makes it unlawful for employers to discriminate on the basis of age against employees age 40 or older." District Council 27, AFSCME v. NYC Dept. of Parks & Recreation, 113 F.3d 347, 351 (2d Cir. 1997). "The ultimate issue in an ADEA case is whether the plaintiff has proved by a preponderance of the evidence that '[his] age played a motivating role in, or contributed to, the employer's decision.'" Holtz v. Rockefeller & Co., Inc.,

4

258 F.3d 62, 76 (2d Cir. 2001) (quotation omitted).  Pender's disability claim is governed by the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. (the "Rehabilitation Act").  The Rehabilitation Act provides that "no otherwise qualified individual with a disability ... shall, solely by reason of ... his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).

For the plaintiff to establish a prima facie case of age or disability discrimination, he must show that he "applied for an available position for which he was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination."  Texas Dept. of Cmty Affairs v. Burdine, 450 U.S. 248, 253 (1981) ("Burdine").  To do so, as a general matter, the plaintiff must show that: (1) he was a member of a protected class; (2) he was otherwise qualified for the job he was seeking; (3) the employer rejected him for the position; and (4) after the rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.  Burdine, 450 U.S. at 354, n.6.

Here, Pender fails to demonstrate that he was qualified for the Motor Vehicle Operator position.  USPS hiring guidelines disqualify applicants with driver's license suspensions within the three year period preceding their employment applications for Motor Vehicle positions.  (Decl. Anne-Louise Smallen ("Smallen Decl."), Ex. A.)  Pender disclosed on his Motor Vehicle Operator application that his driver's license had been suspended for failure to pay child support within the three years preceding the filing of his application.  (Smallen Decl. ¶ 7.)  Pender does not contest that his license was suspended within three years of submitting his application to USPS.  Under USPS applicant eligibility provisions, "[a]ll driver's license suspensions are

5

disqualifying, regardless of the reason for suspension, because they demonstrate a pattern of irresponsibility." Id.  Because Pender has not demonstrated that he was qualified for the Motor Vehicle Operator position, his age and disability discrimination claims are dismissed.

> **B.** **Pender Fails to Establish the Essential Elements of His Retaliation Claim**

"To establish a prima facie case of retaliation, 'a plaintiff must show (1) participation in a protected activity known to the defendant, (2) an employment action disadvantaging the person engaged in the protected activity, and (3) a causal connection between the protected activity and the adverse employment action.'" Kotcher v. Rosa & Sullivan Appliance Center, Inc., 957 F.2d 59, 64 (2d Cir. 1992) (quoting Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991)).

Pender asserts that his 2002 ineligible rating for the position of Motor Vehicle Operator was in retaliation for EEO activity that took place in 1979 and 1983.  (Decl. of Margot Schoenborn, Ex. C.)   A twenty-year span between a protected activity and an alleged adverse employment action is far too removed to constitute the causal connection necessary to state a retaliation claim.  Indeed, "an extended gap of time between the protected activity and the adverse employment action can negate any inference of discrimination." Adeyanju v. St. Luke's-Roosevelt Hosp., 2000 U.S. Dist. LEXIS 22184, *63 (E.D.N.Y. Mar. 29, 2000) (citing Richardson v. New York State Dep't of Correctional Service, 180 F.3d 426, 447 (2d Cir. 1999) (holding that a "two year gap is too wide to support the inference that [plaintiff] was terminated in retaliation for complaining about discrimination")).  See also Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (period of three months between protected act and adverse employment action held insufficient temporal proximity to establish retaliation claim under Age Discrimination in Employment Act); Fitch v. R.J. Reynolds Tobacco Co., 675 F.Supp.

6

133, 138 (S.D.N.Y. 1987) (period of seven months between protected act and adverse employment action held insufficient to establish race discrimination retaliation claim). Moreover, there is no evidence that the defendants had any knowledge of Pender's prior EEO activity, lawsuits against USPS, or access to Pender's prior USPS employment records at the time the application was rated ineligible. See Adeyanju, 2000 U.S. Dist. LEXIS 22184 at *68 ("There can be no inference of retaliation if the alleged retaliators did not know of the protected activity."). Accordingly, Pender's retaliation claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED. The Clerk of the Court is directed to close the case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purposes of appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: May 4, 2005                                                            /s/ Nicholas G. Garaufis  
      Brooklyn, New York                                    NICHOLAS G. GARAUFIS  
                                                                   United States District Judge